### GILES, a Negro Man, *v.* JOSHUA MEEKS.

ON a writ *de homine replegiando*, a certificate of the registration of the plaintiff as a slave, on 19th *December*, 1782, was produced, under seal, from the clerk of the sessions of *Washington* county.

*Brackenridge*, for the plaintiff, offered evidence, that *Hull*, the master who then owned him, had confessed, that *Giles* was not registered, till after *January*, 1783. The act of 13th *April*, 1782, requires a registration before *January*, 1783.

*Semple*, for the defendant. Proof of this kind would destroy the record: and this cannot be done by parole proof.

*Brackenridge*. This act has been construed liberally in favour of the master; and, considering the act of registering as a ministerial act, though informal, it has

been held fufficient. But it will alfo be conftrued li-
berally in favour of liberty, and confidered as a minif-
terial and not a judicial act; it may be impugned by
proof of fraud. It is not a record againft which no-
thing can be averred; but refembles the certificate of
recording a deed.

PRESIDENT. Proof of fraud in the entry of *Giles* is
proper. But, as there may be a doubt, whether this
proof, as againft *Meeks*, the prefent mafter, may be
made by declarations of *Hull*, we will admit the tefti-
mony, referving this point.

It was then proved, that, after the year 1782, and per-
haps in 1784, *Hull*, being afked whether he had recorded
*Giles*, faid no; that, at a certain time after the year
1782, he faid, he was going to *Wafhington* to have his
Negro recorded, meaning *Giles*; and that, when he
had returned, he faid, he had got it done; and that,
perhaps in 1784, having been admonifhed to have his
Negro recorded, he faid to *Meeks*, (the defendant) who
alfo had Negroes, that one or other of them muft go to
*Wafhington*, and have their flaves recorded.

The defendant produced a witnefs, who fwore, that
in 1783, he afked *Hull*, whether he had recorded his
Negro, and he faid, he would be very forry to leave
fuch property in rifk; and, that he and *Jofhua Meeks*
both had their Negroes recorded.

*Semple*, for the defendant. The proof for the plain-
tiff is too inaccurate as to diftant dates, to be received
to contradict an official act and certificate; efpecially
when that proof is oppofed by contradictory proof.——
*Hull* was under no obligation to give true anfwers to
every impertinent queftion.

*Brackenridge*, for the plaintiff. The entry is im-
pugned by direct declarations with precife dates, afcer-
tained by circumftances. The proof for the defendant
oppofes not, but confirms, that given for the plaintiff.
*Hull* does not fay, that he recorded *Giles*; but, by evad-
ing a direct anfwer, feems to admit, that he had not.
Notice is alfo brought home to *Meeks*, and he is, there-
fore a *mala fide* purchafer.

PRESIDENT. Though we have faid, that proof of
fraud in the entry of *Giles* is admiffible, yet fuch proof

C c

ought to be weighed with fcrupulous caution, when fet up againft an official act. Every reafonable prefumption ought to be made in favour of the certificate. It was not uncommon for one to enter the flaves of another his neighbour or friend, without the knowledge of the proper mafter. You will confider to which of the witneffes *Hull* fpoke the truth. If you difbelieve the teftimony on the part of the plaintiff, or have fufficient ground to believe, that *Giles* was entered before *January*, 1783, though *Hull* knew it not; you will find for the defendant. But if you believe, that *Giles* was not entered till after *December*, 1782, you will find for the plaintiff, notwithftanding the certificate of entry in *December*, 1782.

The jury found a verdict for the defendant.

Mr. *Brackenridge* moved for a new trial.